# MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-18-12

The Law Offices of Shimshon Wexler, PC
2710 Broadway, 2FL
New York, New York 10025
Tel (212)760-2400
Fax (917)512-6132
swexleresq@gmail.com

April 17th, 2012

VIA FAX (212) 805-7949
Hon. P. Kevin Castel, U.S.D.J.
U.S. District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

RE:   Katz v. Sovereign Bank
      S.D.N.Y. Case No. 12-CV-151-PKC

Dear Judge Castel:

I am the attorney for the plaintiff in this action. Sovereign Bank has requested a pre-motion conference for the purpose of filing a motion disqualifying me as the attorney for the plaintiff because I will be a "material witness" in this action. I disagree with the Defendant and I believe that such a motion has no merit.

Defendant believes that I'm a material witness because I was present when the ATM transaction took place. However, there is nothing for me to testify to in this regard that is in dispute. I was merely performing my investigatory duties to make sure that the case has merit. The fee signage in this case is across the ATM vestibule that Mr. Katz used and if someone were using the ATM that Mr. Katz used, it is plaintiff's position that the fee notice was not placed, as required by the Electronic Funds Transfer Act ("EFTA"), "in a prominent and conspicuous location on or at the automated teller machine". As the fee notice's exact placement is agreed upon by plaintiff and defendant, there is nothing that I can testify to which will be cause for me to be disqualified as plaintiff's counsel.

Indeed, the very statute, Rule 3.7(a) of the New York State Rules of Professional Conduct, which defendant quotes as the reason for the Court to disqualify me also states, as defendant quotes, that a lawyer may act as an advocate if the testimony relates to an uncontested

---

Handwritten endorsement:

The Laffey letter of April '12 does not reveal that there is a contested issue as to the location, size and content of the disclosure signage. There is a hotly contested legal conclusion in dispute — whether such signage was in a "prominent and conspicuous" location, a conclusion to be reached by the trier of fact. A witness's testimony as to the ultimate conclusion, i.e., the signage was "prominent and conspicuous," would likely be inadmissible. Thus, the exception in Rule 3.7(a)(1) appears to apply. The Court will not preclude defendant from filing the motion, but defendant should be mindful of its obligation under Rule 11, Fed. R. Civ. P.

SO ORDERED.
[signature]
USDJ
4-18-12

issue. In this case, there are no contested issues and therefore whatever I will testify to Sovereign already acknowledges. The placement of the sign is not in dispute and the sole question is whether the fee notice was placed "in a prominent and conspicuous location on or at the automated teller machine." There is no affirmative defense in the statute that states that a plaintiff who knew there would be an ATM fee and nevertheless went through with the transaction may not recover statutory damages. The EFTA is a strict liability statute and liability is imposed for failure to post proper signage.

    I thank the Court for its attention to this matter.

Respectfully Yours,<br><br>*/s/ Shimshon Wexler*<br>Shimshon Wexler

Cc: By fax: Casey Laffey, Esq. (212) 521-5450 and Roy Arnold, Esq. (412) 288 3063